UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Crim. No. 23-588 (JXN) |
| v. | : | |
| | : | |
| | : | OPINION |
| RAMON MANGAN, *et al.* | : | |
| | : | |
| | : | |

NEALS, District Judge:

This matter comes before the Court on Defendant Ramon Mangan's ("Mangan") motion to dismiss (ECF No. 85) Count Nine of the July 24, 2023, indictment (ECF No. 63) (the "Indictment") and omnibus pretrial motion. (ECF No. 93). The Government opposed the motions. (ECF No. 97). Mangan did not reply. The Court has carefully considered the parties' submissions, and the Court's January 12, 2024, and April 1, 2024, Scheduling Orders, and decides this matter without oral argument pursuant to Federal Rule of Criminal Procedure 12(c)(1). (ECF Nos. 84, 89). For the reasons set forth below, Mangan's motion to dismiss (ECF No. 85) is **DENIED**, and the omnibus pretrial motion (ECF No. 93) is **GRANTED** in part and **DENIED** in part. Mangan's request for a pretrial hearing is **GRANTED**. All other requests are **DENIED**.

I.  BACKGROUND AND PROCEDURAL HISTORY

Following an investigation into drug trafficking activities in the city of Newark, New Jersey ("Newark"), the Government filed a nine-count superseding criminal complaint (ECF No. 4) (the "Complaint") against Mangan and multiple defendants. The Complaint alleges Mangan distributed significant amounts of heroin, fentanyl, and cocaine base in Newark, and identifies six separate controlled purchases of "fentanyl-laced heroin and cocaine base" between June 2022 and

1

September 2022.  (*Id*. at 11-12[1]).  Further, that law enforcement recovered a ".40 caliber pistol, with a defaced serial number" "loaded with ten (10) rounds of .40 caliber ammunition[,]" as well as a ".357 caliber revolver" "loaded with five (5) rounds of ammunition" from Mangan's Newark residence.  (*Id*. at 13).

On July 24, 2023, a District of New Jersey Grand Jury returned a thirteen-count Indictment against Mangan and the defendants.  (*See gen.,* Indictment).  Relevant here, Mangan is charged with possession of firearms and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count Nine).  (*Id*. at 9).

On February 27, 2024, Mangan filed the motion to dismiss Count Nine.  On April 12, 2024, Mangan filed the omnibus pretrial motion seeking: (i) Fed. R. Crim. P. 404(b) material; (ii) exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963); (iii) 18 U.S.C. § 3500, *et seq*. ("Jencks Act") material thirty days before trial; (iv) evidence from law enforcement's personnel files[2]; (v) information regarding the Government's expert's testimony[3]; (vi) a hearing under Fed. R. Crim. P. 609; and (vii) leave to file additional pretrial motions.[4]  On May 10, 2024, the Government filed opposition.  Mangan did not reply.  This matter is now ripe for consideration.

## II. DISCUSSION

### A. Mangan's Motion to Dismiss Count Nine

Mangan argues Count Nine should be dismissed because 18 U.S.C. § 922(g)(1) is "unconstitutional both on its face and as applied to him. . . ." (ECF No. 85 at 1).  The Government opposes.  (ECF No. 97 at 1).  In short, the motion is denied because Count Nine is constitutional,

---

[1] The Court refers to the ECF page numbers in this Opinion.
[2] The request is moot.  *See* (ECF No. 97 at 35 n.8) (Government "will review" and "disclose information" from the pertinent personnel files of prospective law enforcement witnesses. . . .").
[3] This request is similarly moot.  *See* (ECF No. 97 at 37) (Government will advise of its experts' expected testimony).
[4] Because this request is unopposed (*see* ECF No. 97 at 38), and "such motions are limited to issues raised by future Government disclosures" (*see United States v. Graham*, No. 21-645, 2022 WL 4132488, at *7 (D.N.J. Sep. 12, 2022) (internal quotations and citation omitted)), the Court shall consider these motions, if any, as they are filed.

"sufficient on its face[,]" and is a definite written statement of the essential facts constituting the offense charged. *See United States v. Pimenta*, No. 14-649, 2015 WL 6502098, at *2 (D.N.J. Oct. 27, 2015) (citation omitted).

### 1. Mangan's Second Amendment Rights Are Not Infringed Upon

In relying on *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023) (en banc), Mangan argues he "still has Second Amendment rights" despite his prior felony convictions. (ECF No. 85 at 9). Because *Range* is factually distinguishable, the motion to dismiss is denied.

In *Range*, the court permitted the defendant to possess firearms for hunting and self-defense. 69 F.4th at 102. The defendant was convicted of "making a false statement on an application for food stamps[,]" a felony. *Id.* at 105. The court found that the "Government has not shown that the Nation's historical tradition of firearms regulation supports depriving [defendant] of his Second Amendment right to possess a firearm." *Id.* at 106 (citation omitted).

In contrast here, Mangan received eight separate "felony convictions" "[p]rior to possessing two firearms on September 29, 2022[,]" which include resisting arrest, manufacturing and distributing controlled dangerous substances, and aggravated assault. (ECF No. 97 at 6-7). Further because "one of the guns" seized at Mangan's Newark residence "had an obliterated serial number," suggests the "firearm was not possessed for lawful purposes such as hunting or self-defense of the home." (*Id.* at 17). Thus, the motion is denied on this basis.

### 2. 18 U.S.C. § 922(g)(1) is Rooted in the Nation's Founding

The United States Constitution protects "the right of the people to keep and bear Arms. . . ." U.S. CONST. amend. II. In examining the constitutionality of firearm regulations, "the government must demonstrate that the regulation is consistent with this Nation's historical

tradition of firearm regulation." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U. S. 1, 17 (2022).  Courts apply a two-step test when analyzing the constitutionality of firearm regulations.

First, courts determine whether the Second Amendment's "plain text covers a defendant's conduct." *United States v. Rogers*, No. 23-582, 2024 WL 2844545, at *6 (D.N.J. June 5, 2024). "If so, then the court [] assess[es] whether the government has demonstrated that the regulation is consistent with this Nation's historical tradition of firearm regulation to overcome the presumption that the conduct at issue is constitutionally protected." *Id.* at *6 (citation and internal quotation marks omitted).  Second, the Government identifies a "well-established and representative historical analogue," and not a "historical twin" in examining the constitutionality of the statute. *Id.* at *6 (citations and internal quotation marks omitted).  Here, Mangan argues that because firearm regulations did not exist at the time of the Nation's founding, 18 U.S.C. § 922(g)(1) is unconstitutional.  (ECF No. 85 at 1).  The Court disagrees.

"Since the founding, our Nation's firearm laws have included provisions preventing individuals who threaten physical harm to others from misusing firearms." *United States v. Rahimi*, 144 S. Ct. 1889, 1896 (2024).  To that end, 18 U.S.C. § 922 "fits comfortably within this tradition." *Id.* at 1897.  Next, the Government identifies an "historical analogue" in support of 18 U.S.C. § 922(g)(1), beginning with laws passed in seventeenth century England, colonial and "early state legislatures[']" regulations, and post-Civil War firearm laws.  (ECF No. 97 at 20-23). Further, Mangan has a lengthy criminal history that consists of multiple felony convictions (*see* ECF No. 97 at 6-7), and his possession of a firearm that "had an obliterated serial number," was likely for unlawful purposes.  (*Id.* at 17).  Thus, 18 U.S.C. § 922(g)(1) is rooted in the Nation's founding and, therefore, is constitutional.

### 3. The Indictment Properly States the Offense of Possession of Firearms and Ammunition by a Convicted Felon (Count Nine)

"Under Federal Rule of Criminal Procedure 7(c)(1), an indictment 'must be a plain, concise, and definite written statement of the essential facts constituting the offense charged.'" *United States v. Stock*, 728 F.3d 287, 292 (3d Cir. 2013). In other words, "an indictment must be sufficient on its face." *Pimenta*, 2015 WL 6502098, at *2 (citation omitted).

An indictment is "generally deemed sufficient" if it: "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *United States v. Vitillo*, 490 F.3d 314, 321 (3d Cir. 2007) (citation and internal quotation marks omitted). Here, Count Nine meets this standard.

Under 18 U.S.C. § 922(g)(1), it is "unlawful for any person . . . convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." A defendant is guilty of the offense if the following elements are established: (1) he or she "has been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year;" (2) "after the conviction," he or she "knowingly (possessed)(received) the firearm described in" the indictment; (3) "at the time" he or she "(possessed)(received) the firearm," the defendant "knew of the previous conviction and knew that it was for a crime punishable by imprisonment for a term exceeding one year;" and (4) defendant's (possession)(receipt) was in or affecting interstate or foreign commerce." 3d Cir. Mod. Crim. Jury Instr. § 6.18.922G (emphasis removed).

Here, the Indictment alleges that on September 29, 2022, in Essex County, New Jersey, Mangan "knowing that he had previously been convicted of a crime punishment by imprisonment for a term exceeding one year, [] knowingly possess[ed] firearms and ammunition," specifically, "one .40 caliber pistol, with a defaced serial number, which was loaded with ten (10) rounds of .40 caliber ammunition; and one .357 caliber revolver, bearing serial number JR77441, which was loaded with five (5) rounds of .357 ammunition, and the firearms and ammunition were in and affecting commerce." (Indictment at 9). This is sufficient. Accordingly, the motion to dismiss is denied, and Count Nine survives.

### B. Mangan's Pretrial Omnibus Motion

Mangan argues that the early disclosure of the requested evidence promotes judicial efficiency. (ECF No. 93 at 4). The Government opposes. (ECF No. 97 at 30-38). The Court agrees in part.

#### 1. The Government is Already Preserving Investigative Material

Under 18 U.S.C. § 3500, "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness . . . shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." A district court may "order the United States to produce any statement of the witness . . . which relates to the subject matter as to which the witness has testified[,]" provided that the "entire contents of any such statement relate to the subject matter of the testimony of the witness. . . ." *United States v. Rosa*, 891 F.2d 1074, 1076 (3d Cir. 1989) (citation and internal quotations and ellipses omitted).

Here, Mangan requests that the Court direct the Government to "preserve all notes, emails, texts, report drafts, and final reports that were prepared by government agents or witnesses in

6

connection with the investigation. . . ." (*Id.* at 5). In response, the Government states it will "produce notes, emails, text, report draft, and final reports in accordance with the government's Jencks Act obligations." (ECF No. 97 at 30). The Government further states that it has already advised the "officers and agents involved . . . to preserve notices of interviews and handwritten drafts of reports. . . ." (*Id.* at 30). Because the Government is preserving the requested materials, and advised those individuals involved to do so, this request is denied as moot.

### 2. Request for *Jencks* and Rule 404(b) Material is Premature

"The Court generally determines the dates for disclosure of Rule 404(b) and Jencks Act materials after a final pre-trial conference between the parties." *United States v. Edwards*, No. 20-572, 2024 WL 1620311, at *3 (D.N.J. Apr. 15, 2024). The assigned prosecutor must also "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;" "articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose;" and "do so in writing before trial—or in any form during trial if the court, for good cause, excuses the lack of pretrial notice." Fed. R. Evid. 404(b)(3)(A)-(C).

Here, Mangan requests that the Court "require the government to disclose its position with regard to [its] 404(b) material prior to trial and that the Court make *in limine* rulings." (ECF No. 93 at 6). In support, Mangan argues that fundamental fairness calls for early disclosure of this material. (*Id.* at 5). Moreover, that doing so "will expedite [the] trial by preventing unnecessary delays and interruptions during the course of trial." (*Id.* at 8). The Government opposes by noting that a trial date has not yet been set, but "will endeavor to provide Mangan with reasonable pretrial notice of its intention to offer such evidence." (ECF No. 97 at 33).

"For Rule 404(b) evidence, the Government must provide reasonable notice to the defendant, which courts have defined as seven to ten days before jury selection for trial." *Edwards*, 2024 WL 1620311, at *3 (citation and internal quotation marks omitted). To that end, this Court has denied an early disclosure request of thirty days before trial because ten days is sufficient under Rule 404(b). *United States v. Tejada*, No. 12-312, 2013 WL 3786299, at *6 (D.N.J. July 17, 2013).

Here, early disclosure of *Jencks* material sixty days before trial, as well as the Government advising as to its 404(b) material, is premature. In addition, there are no pretrial conferences scheduled in this case, and no trial date. Accordingly, the motion is denied on this basis.

### 3. The Government Has Complied with its *Brady* Obligations

*Brady* material must be disclosed "in time for its effective use at trial." *United States v. Jafari*, No. 12-475, 2012 WL 5335242, at *2 (D.N.J. Oct. 26, 2012) (citation and internal quotation marks omitted). Indeed, the "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. Thus, district courts have "general discretionary authority to order the pretrial disclosure of *Brady* material to ensure the effective administration of the criminal justice system." *United States v. Giampa*, 904 F. Supp. 235, 281 (D.N.J. 1995) (citations and internal quotation marks omitted).

Here, there is no dispute of the Government's "continuing obligation to disclose any exculpatory or impeachment evidence under *Brady* and *Giglio*." (ECF No. 97 at 33). Moreover, the Government represents that it has "complied with its obligations" thereto. (*Ibid.*). Because the Government has and will continue to comply with its *Brady* obligations, and Mangan has not directed the Court to contrary facts, the motion is denied on this basis. *See United States v. Higgs*, 713 F.2d 39, 44 (3d Cir. 1983) (Litigant's "due process rights to a fair trial" are "satisfied . . . as

8

long as disclosure" of the *Brady* material "is made the day that the government witnesses are scheduled to testify in court.") (citation omitted); *see also Giampa*, 904 F. Supp. at 281 (Seven days is sufficient time for the "effective use at trial" of the *Brady* material).

### 4. Mangan's Request for a Pretrial Hearing is Granted

Fed. R. Evid. 609 "permits evidence of a prior felony conviction to be offered to impeach a testifying witness." *United States v. Caldwell*, 760 F.3d 267, 286 (3d Cir. 2014). When "weighing the probative value against the prejudicial effect" of such evidence, courts consider: "(1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the defendant's testimony to the case; and (4) the importance of the credibility of the defendant." *Id.* at 286 (citation and internal quotation marks and brackets omitted).

Here, this case involves allegations of narcotics distribution and unlawful possession of a firearm. Mangan also has an extensive criminal history. Under these facts, the probative value of Mangan's prior felony conviction evidence likely outweighs its prejudicial effect. However, because the Government does not oppose Mangan's request for a pretrial hearing (*see* ECF No. 97 at 38), the motion is granted. The parties shall confer on a proposed schedule for the pretrial hearing for the Court's consideration.

### III. CONCLUSION

For the reasons set forth above, Mangan's motion to dismiss (ECF No. 85) is **DENIED**, and the omnibus pretrial motion (ECF No. 93) is **GRANTED** in part and **DENIED** in part. Mangan's request for a pretrial hearing is **GRANTED**. All other requests are **DENIED**. An appropriate Order accompanies this Opinion.

DATED: September 3, 2024

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge